IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

LATINA ADAMS                                                                                    PLAINTIFF

v.                                            Case No. 1:14-cv-00162 JTK

CAROLYN W. COLVIN,
Acting Commissioner, Social
Security Administration                                                                          DEFENDANT

## MEMORANDUM AND ORDER

Plaintiff Latina Adams appeals the final decision of the Acting Commissioner of the Social Security Administration (Acting Commissioner) denying her claim for supplemental security income (SSI). Both parties have submitted appeals briefs, and the case is ready for decision.[1] The only issue before the Court is whether the Acting Commissioner's decision is supported by substantial evidence. After reviewing the administrative record and the arguments of the parties, the Court finds that the Acting Commissioner's decision is supported by substantial evidence.

### Procedural History

Plaintiff protectively filed her application for SSI on December 7, 2009, alleging a disability onset date of February 15, 2009. She claims disability due to chronic obstructive pulmonary disease (COPD), osteoarthritis, fibromyalgia, and depression. Plaintiff's claims were denied at the initial and reconsideration levels. On May 23, 2011, the administrative law judge

---

[1]The parties have consented to the jurisdiction of a Magistrate Judge (DE #4).

(ALJ) held an administrative hearing, and on August 9, 2011, issued an unfavorable opinion. Plaintiff requested the Appeals Council to review the decision, and the Appeals Council granted review and remanded the case to the ALJ.

Upon remand, the ALJ held another administrative hearing on August 22, 2013. On September 26, 2013, the ALJ issued an unfavorable decision, denying Plaintiff's claim. The Appeals Council subsequently denied the request for review. It is from this decision that Plaintiff now brings her appeal.

### Administrative Proceedings

Plaintiff was forty-two (42) years old at the time of the second administrative hearing. She completed the ninth grade and had past relevant work as a cashier, housekeeper, and poultry factory worker. The ALJ applied the five-step sequential evaluation process to Plaintiff's claim.[2] Plaintiff satisfied the first step because she had not engaged in substantial gainful activity since her application date. At step two, the ALJ found that Plaintiff suffered from the severe impairments of COPD, osteoarthritis, fibromyalgia, and depression. At the third step, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. § 404, Subpt. P, App. 1 ("listing"). Further, the ALJ found Plaintiff's medically determinable impairments could

---

[2] The five part test asks whether the claimant: (1) is currently employed; (2) severely impaired; (3) has an impairment or combination of impairments that meet or approximate a listed impairment; (4) can perform past relevant work; and if not, (5) can perform any other kind of work. Through step four of this analysis, the claimant has the burden of showing that he is disabled. Only after the analysis reaches step five does the burden shift to the Commissioner to show that there are other jobs in the economy that the claimant can perform. *Steed v. Astrue*, 524 F.3d 872, 875 n. 3 (8th Cir. 2008).

reasonably be expected to cause her alleged symptoms but that her statements concerning the intensity, persistence and limiting effects of those symptoms were not entirely credible. The ALJ found Plaintiff retained the residual functional capacity (RFC) to perform medium work[3], except that she could not be exposed to respiratory irritants and could perform work where contact was incidental to the job, complexity of tasks was learned by demonstration and repetition with little judgment and simple, direct and concrete supervision. At step four, the ALJ found Plaintiff could not perform her past relevant work. Crediting the testimony of a vocational expert (VE), the ALJ found Plaintiff could perform other work existing in the national economy, such as hand packer and cashier II. Accordingly, the ALJ found Plaintiff was not under a disability.

## Standard of Review

The Court's limited function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is "less than a preponderance, but enough that a reasonable mind might accept it as adequate to support a decision." *Cox v. Apfel*, 160 F.3d 1203, 1206-07 (8th Cir. 1998) (citing *Lawrence v. Chater*, 107 F.3d 674, 676 (8th Cir. 1997)). The Commissioner's decision cannot be reversed merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004). However, "[t]he substantial evidence test employed in reviewing administrative findings is more than a mere search of the record for evidence

---

[3]Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work. 20 C.F.R. § 416.967(c).

supporting the [Commissioner's] findings." *Gavin v. Heckler*, 811 F.2d 1195, 1199 (8th Cir. 1987). "'Substantial evidence on the record as a whole' . . . requires a more scrutinizing analysis." *Id.* (quoting *Smith v. Heckler*, 735 F.2d 312, 315 (8th Cir. 1984)). "In reviewing the administrative decision, '[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight.'" *Coleman v. Astrue*, 498 F.3d 767, 770 (8th Cir. 2007) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951)).

## Discussion

On appeal, Plaintiff argues the ALJ erred in determining her RFC. Specifically, Plaintiff asserts that the ALJ gave great weight to the assessment of Gary P. Nunn, M.D., although Dr. Nunn's opinion did not support a capacity for medium work in part because Dr. Nunn limited her to a total of three hours standing/walking in an eight-hour workday. Additionally, Plaintiff contends the ALJ's finding that she can perform medium work is not rendered harmless by the finding that she could also perform light work[4] as a cashier II. Finding no error, the Court affirms the Acting Commissioner.

An individual's RFC is her ability to do physical and mental work activities on a sustained

---

[4]Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time. 20 C.F.R. § 416.967(b).

basis despite limitations from her impairments. *See* Social Security Ruling 96-8p. "Because a claimant's RFC is a medical question, an ALJ's assessment of it must be supported by some medical evidence of claimant's ability to function in the workplace." *Moore v. Astrue*, 572 F.3d 520, 523 (8th Cir. 2009) (internal citations omitted). Nevertheless, in evaluating a claimant's RFC, an ALJ is not limited to considering medical evidence exclusively. *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Even though the RFC assessment draws from medical sources for support, it is ultimately an administrative determination reserved to the Commissioner. 20 C.F.R. § 416-946.

Here, the RFC determination is supported by substantial evidence. The ALJ properly considered all of the relevant evidence in the record to make his RFC determination. On June 14, 2011, Dr. Nunn found Plaintiff capable of lifting/carrying up to 20 pounds frequently and up to 50 pound occasionally. (Tr. 950) Dr. Nunn determined Plaintiff could sit for a total of six hours in an eight-hour work day and stand/walk a total of 3 hours each per work day. (Tr. 952) Light work requires that a claimant be capable of standing or walking, on and off, for a total of approximately six hours in an eight-hour workday. *See* Social Security Ruling 83-10. Dr. Nunn found that Plaintiff could do that. Plaintiff's ability to stand or walk for six hours in a workday is also consistent with the opinion of Jerry Thomas, M.D., the state agency medical consultant who also determined Plaintiff could sit/walk/stand about six hours in an eight-hour workday. (Tr. 841-848)

Neither Dr. Nunn nor Dr. Thomas opined that Plaintiff could frequently lift twenty-five pounds, which is required for medium work. However, based on all relevant evidence, the ALJ

posed questions to the VE that captured the concrete consequences of Plaintiff's impairments, and the VE found Plaintiff capable of medium work (hand packer) and light work (cashier II). *See Cox v. Astrue*, 495 F.3d 614, 619 (8th Cir. 2007) (because RFC is a medical question, the ALJ's decision must be supported by some medical evidence of a claimant's ability to function in the workplace, but the ALJ may consider non-medical evidence as well); *Roberts v. Apfel*, 222 F.3d 466, 469 (8th Cir. 2000) (the ALJ still "bears the primary responsibility for assessing a claimant's residual functional capacity based on all relevant evidence."). While Plaintiff contends that the finding that she could perform medium work was error, and not a harmless error, the Court disagrees. Here, there is no evidence from any source found in the record to indicate that Plaintiff is incapable of all work activity. Therefore, considering the record as a whole, the Court finds substantial evidence in the record as a whole supports the Acting Commissioner's decision that Plaintiff is capable of performing light work. The Court further concludes no error of law was committed, and the decision of the Acting Commissioner should be affirmed. *See Dewey v. Astrue*, 509 F.3d 447, 449-50 (8th Cir. 2007) (harmless error if the court can say that ALJ inevitably would have reached the same result had ALJ not erred).

In sum, the ALJ's RFC is supported by some medical evidence that is sufficiently clear to allow for an understanding of how Plaintiff's limitations function in a work environment. Therefore, substantial evidence supports the RFC determination. *See Cox v. Astrue*, 495 F.3d 614, 620 n.6 (8th Cir. 2007) (finding substantial evidence to supports the RFC determination because the ALJ's RFC was supported by medical evidence that sufficiently allowed for an understanding of how Plaintiff's limitations functioned in a work environment).

**Conclusion**

The Court has carefully reviewed the record and finds the Commissioner's decision to be supported by substantial evidence and free of significant legal error.

THEREFORE, the Court hereby affirms the Commissioner's final determination and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED THIS 12th day of November, 2015.

_____
UNITED STATES MAGISTRATE JUDGE